UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ROCKY EMIN,                          )
                                     )
            Movant,                  )
                                     )
       vs.                           )   No. 4:04CV1648-DJS
                                     )
UNITED STATES OF AMERICA,            )
                                     )
            Respondent.              )

## MEMORANDUM OPINION

In Case No. 4:03CR201-DJS, movant Rocky Emin pled guilty on August 14, 2003 to a charge of possession of prohibited equipment, products and materials to manufacture methamphetamine, in violation of 21 U.S.C. §843(a)(6). On October 31, 2003, this Court sentenced movant to 137 months' imprisonment, to be followed by a three-year term of supervised release. On November 26, 2004, Emin filed the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255.

The government argues that the motion should be denied as untimely filed. Pursuant to §2255, the one-year period of limitation applicable to Emin's motion runs from the date on which the judgment of conviction became final. Where as in Emin's case no direct appeal was taken, Courts of Appeal have determined that the limitations period runs from the expiration of the ten-day

period provided for a criminal defendant's filing of a notice of appeal pursuant to Fed.R.App.P. 4(b)(1)(A). See, e.g., United States v. Brower, 2005 WL 2644969 (10th Cir. Oct. 17, 2005); Moshier v. United States, 402 F.3d 116, 118 (2nd Cir. 2005); Sanchez-Castellano v. United States, 358 F.3d 424, 426 (6th Cir. 2004). In Sanchez-Castellano, the Sixth Circuit rejected the argument Emin here makes for a forty-day period resulting from adding to the ordinary 10-day appeal period the potential extension of time to appeal authorized in Fed.R.App.P. 4(b)(4). This Court is likewise persuaded that such a forty-day finality period is incorrect with respect to a criminal judgment as to which no extension of time to appeal was sought.

In Emin's case, the sentencing occurred on October 31, 2003. More pertinent for purposes of the 10-day appeal period under Rule 4(b)(1)(A)(i) is that the judgment was entered on the Court's docket on November 4, 2003. See Docket Entry #29, Judgment in Case No. 4:03CR201-DJS. Computing the ten-day period by excluding weekends and holidays as provided in Fed.R.App.P. 26(a)(2), the judgment became final when no notice of appeal was timely filed by November 18, 2003. Emin's §2255 filing was therefore due no later than November 18, 2004.

The §2255 motion was received by the Court on November 26, 2004. But Emin gets the benefit of the prison-mailbox rule, under which his motion is treated as filed with the Court at the time it was submitted to the prison's internal mail system. Moore

2

v. United States, 173 F.3d 1131, 1135 (8th Cir. 1999). The §2255 motion states that it was executed by Emin on November 18, 2004 and contains a certificate of service that he mailed the motion to the United States Attorney, and presumably to the Clerk of Court as well, on November 18. On the state of the record, the Court is persuaded to treat the §2255 motion as timely filed on November 18, 2004.

Emin's first ground for relief is that his counsel rendered ineffective assistance by failing to file a direct appeal as requested by Emin. The Eighth Circuit has had a number of occasions to consider similar claims of ineffective assistance.

> A criminal defendant is entitled to effective assistance of counsel on a first appeal as of right...This Court has held that counsel's failure to file a notice of appeal when so instructed by the client constitutes ineffective assistance of counsel for purposes of section 2255.

Estes v. United States, 883 F.2d 645, 648 (8th Cir. 1989). With respect to such a claim, no showing of prejudice or likelihood of success on appeal is required. Id. at 649; Yodprasit v. United States, 294 F.3d 966, 969 (8th Cir. 2002); Barger v. United States, 204 F.3d 1180, 1182 (8th Cir. 2000); Holloway v. United States, 960 F.2d 1348, 1356 (8th Cir. 1992).

In response to this ground for relief, the government argues first that in connection with his guilty plea, Emin waived his right to appeal all non-jurisdictional issues. This partial waiver, and the potential consequences of its violation, do not

preclude appeal of jurisdictional issues, and are not shown to defeat Emin's ineffective assistance claim. Second, the government argues that Emin has failed to identify any meritorious grounds for appeal. As the above discussion indicates, however, such a showing of prejudice is not required under the Eighth Circuit's case law.

The government does not challenge Emin's factual contention that he requested defense counsel to file an appeal. That assertion is clearly stated in Emin's §2255 motion (Doc. #1 at pages 5 and 5A), which statements are declared under penalty of perjury (see p.7) and therefore are the equivalent of a sworn statement or affidavit. 28 U.S.C. §1746. The United States having failed to dispute the pertinent factual allegations, and having argued instead legal contentions which are insufficient to defeat Emin's contention, the Court concludes that Emin is entitled to relief on ground one.

The Eighth Circuit indicates that the appropriate remedy for ineffective assistance of this kind is the vacation of the original judgment and the entry of judgment anew, to permit the defendant a new opportunity for direct appeal: "the prior judgment of conviction and sentence should be vacated and a new judgment entered which would enable [movant] to appeal therefrom after such entry." Estes, 883 F.2d at 649. See also Barger, 204 F.3d at 1182. As the circumstances present no basis for reconsideration of the sentence imposed, the Court sees no need for a resentencing hearing. The impetus for the vacation and re-entry of judgment is

to correct the ineffective assistance, a legal issue which under Fed.R.Crim.P. 43(b)(3) does not necessitate a hearing with defendant present. Emin's §2255 motion will be granted as to ground one, and the Court will vacate the October 31, 2003 criminal judgment and newly enter an identical judgment, thereby initiating a new period for the filing of a notice of appeal in the criminal case. An explanatory order, to which a copy of this order will be attached, will be entered in the criminal case, and a copy sent to Emin's defense attorney to alert him to his responsibilities in connection with the new opportunity for taking a direct appeal.

Emin next argues that his 137-month sentence violated Apprendi v. New Jersey, 530 U.S. 466 (2000), because it was based on factual findings by the Court concerning a theoretical yield of methamphetamine. To the contrary, in connection with his guilty plea, Emin stipulated to the Sentencing Guidelines base offense level later used by the Court, acknowledging his responsibility for more than fifty grams and less than two hundred grams of methamphetamine. Plea Agreement, Doc. #22 in Case No. 4:03CR201-DJS, p.6. Emin's claim is without merit, as is the associated claim that his counsel was ineffective for failing to object to the sentence on Apprendi grounds.

In his third ground, Emin argues that the government failed to prove the drug quantity on which the sentencing determination was based, in violation of Emin's due process rights,

5

and that his attorney rendered ineffective assistance by failing to assert that objection at sentencing.  Similar to the prior claim, this ground is without merit because Emin stipulated for sentencing purposes to the fact he now attempts to challenge.

Finally, in ground four, Emin contends that the statutory offense of which he was convicted lacks a jurisdictional nexus to interstate commerce as constitutionally required.  The Eighth Circuit has "repeatedly affirmed Congress's ability to regulate both the interstate and the intrastate manufacture and distribution of controlled substances under its commerce power."  United States v. Sprofera, 299 F.3d 725, 727 (8th Cir. 2002).  See also United States v. Davis, 288 F.3d 359, 361-62 (8th Cir. 2002).  The sweep of this regulatory power encompasses the offense of which Emin was convicted, involving the knowing possession of equipment, products and materials used in the manufacture of methamphetamine.  See United States v. Argo, 23 Fed.Appx. 302, 305 (6th Cir. 2001). Emin's constitutional challenge is rejected on its merits, and the associated ineffective assistance of counsel claim is also rejected.  Counsel was not ineffective for failing to raise such a meritless argument.

Accordingly, for the foregoing reasons, the instant motion to vacate, set aside or correct sentence pursuant to

28 U.S.C. §2255 will be granted on ground one and denied as to grounds two, three and four.

Dated this ___14th___ day of November, 2005.

                                                 /s/Donald J. Stohr
                                                 UNITED STATES DISTRICT JUDGE